**Mirta ZORILLA, Appellant,**

v.

**Nurul WAHID, Appellee.**

**No. 13–01–175–CV.**

Court of Appeals of Texas,
Corpus Christi.

July 18, 2002.

Kelly K. McKinnis, McAllen, for Appellant.

Alberto Garcia, Rodriguez, Tovar & Garcia, M. Steven Deck, Law Office of John King, McAllen, Albert Garcia, Brownsville, for Appellee.

BEFORE: Chief Justice VALDEZ and Justices YAÑEZ and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Physicians Mirta Zorilla and Nurul Wahid appeal a trial court judgment granting their divorce and an order awarding temporary support to Zorilla. Zorilla and Wahid do not seek to alter the trial court's judgment insofar as it affects custody of the parties' two children. We affirm the award of temporary support, and we modify the judgment, and as modified, affirm.

### I.

### *Mirta Zorilla's Appeal*

Zorilla raises five issues on appeal. She contends (1) the trial court erred in dividing the children's education fund as community property because the fund was her separate property, (2) the trial court abused its discretion in dividing the property of the parties; (3) the trial court's order dividing the property was against the great weight and preponderance of the evidence, (4) the trial court erred in entering a decree which ordered $1,500 per month as child support because the amount awarded is incorrect, and (5) the trial court erred in awarding attorney's fees.

### *Children's Education Fund*

■ In her first issue, Zorilla argues that the children's education fund was her separate property because it was acquired under the law of New York, where the couple was married, and thus the trial court erred in dividing it as community property. The children's education fund was an investment account held in Zorilla's own name worth approximately $600,000.

The Texas Family Code provides that community property consists of the property, other than the separate property, acquired by either spouse during marriage. *See* TEX.FAM.CODE ANN. § 3.002

(Vernon 1998); *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex.2001). Separate property includes the property owned or claimed by the spouse before marriage. TEX.FAM.CODE ANN. § 3.001 (Vernon 1998); *Barnett*, 67 S.W.3d at 111. Whether property is separate or community is determined by its character at inception. *Barnett*, 67 S.W.3d at 111.

There is a presumption under the family code that property held during marriage is community property. TEX.FAM.CODE ANN. § 3.003(a) (Vernon 1998). Only community property is subject to the trial court's division of the marital estate, and the trial court may not divest one party of his separate property. *Cameron v. Cameron*, 641 S.W.2d 210, 220 (Tex.1982).

Under Texas Family Code section 7.002, the "quasi-community property statute," Texas courts apply a "just and right" property division regardless of the nature of the legal system of the previous domicile of the parties. TEX.FAM.CODE ANN. § 7.002 (Vernon 1998); *see Ismail v. Ismail*, 702 S.W.2d 216, 219 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (regarding predecessor statute). A just and right division applies to property acquired while domiciled in another state that would have been community property if the acquiring spouse was domiciled in Texas at the time of acquisition. TEX.FAM.CODE ANN. § 7.002 (Vernon 1998); *see Ismail*, 702 S.W.2d at 219.

The children's education account would have been community property had it been acquired while Zorilla was domiciled in Texas, thus, the trial court had discretion to divide the account in a just and right manner. *See* TEX.FAM.CODE ANN. § 7.002. Zorilla's first issue is overruled.

### *Property Division*

■ Zorilla attacks the marital property division in her second and third issues.

She argues that the trial court abused its discretion in dividing the property, and that the court's order dividing the marital property was against the great weight and preponderance of the evidence. According to Zorilla's brief, she was awarded a net amount of $725,106, or approximately sixty percent of the property, and Wahid was awarded a net amount of $479,257.60, or approximately forty percent of the marital estate.

██ In a divorce decree, the trial court shall order a division of the parties' estate in a manner that the court "deems just and right." TEX.FAM.CODE ANN. § 7.001 (Vernon 1998). Trial courts have wide discretion in making a just and right decision. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex.1998). Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. *In re H.S.N.*, 69 S.W.3d 829, 831 n. 1 (Tex.App.—Corpus Christi 2002, no pet.).[1]

██ The community property need not be equally apportioned between the parties. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex.1981). The trial court may consider many factors, including the parties' earning capacities, education, business opportunities, physical condition, financial condition, age, size of separate estates, nature of the property, and the benefits that the spouse who did not cause the breakup of the marriage would have enjoyed had the marriage continued. *Id.* at 699; *Walston v. Walston*, 971 S.W.2d 687, 691 (Tex.App.—Waco 1998, pet. denied). The court may consider a spouse's dissipation of the community estate, as well as the spouse's misuse of community property. *Vannerson v. Vannerson*, 857 S.W.2d 659, 669 (Tex.App.—Houston [1st Dist.] 1993, writ denied). A disproportionate award may also be considered when a spouse conceals community assets. *Rafidi v. Rafidi*, 718 S.W.2d 43, 45 (Tex.App.—Dallas 1986, no writ). A spouse's failure to make court-ordered temporary support payments or failure to obey the court's temporary order restricting the use of community assets may also justify a disproportionate award from the community estate. *Jones v. Jones*, 699 S.W.2d 583, 585 (Tex.App.—Texarkana 1985, no writ).

The record contains evidence indicating that Wahid contributed less than an equal share to the family's finances, dissipated the family's assets, and failed to make court-ordered payments. However, the record also contains evidence from which the trial court may have inferred that Zorilla attempted to conceal assets by transferring them into a friend's name, misrepresented her income, and quit or cut back on her employment in order to obtain additional funds from Wahid.

Based on the record evidence, we conclude that the trial court did not abuse its discretion in awarding sixty percent of the

---

**1.** We follow the majority of courts in concluding that when the trial court's ruling on the merits is reviewed under an abuse of discretion standard, the normal sufficiency of the evidence review is part of the abuse of discretion review and not an independent ground for reversal. *See, e.g., Crawford v. Hope*, 898 S.W.2d 937, 940–41 (Tex.App.—Amarillo 1995, writ denied); *Thomas v. Thomas*, 895 S.W.2d 895, 898 (Tex.App.—Waco 1995, writ denied); *In re Driver*, 895 S.W.2d 875, 877 (Tex.App.—Texarkana 1995, no writ). We decline to follow the El Paso Court of Appeals, which applies a two-pronged inquiry when considering an abuse of discretion standard: (1) did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion. *See Norris v. Norris*, 56 S.W.3d 333, 338 (Tex.App.—El Paso 2001, no pet.).

marital estate to Zorilla. *Schlueter*, 975 S.W.2d at 589. Zorilla's second and third issues are overruled.

### Child Support

In her fourth issue, Zorilla contends that Wahid is purposefully underemployed, and thus the child support amount should be increased to reflect his potential earnings. Alternatively, Zorilla argues that the trial court erred in ordering $1,500.00 per month in child support because "the amount is incorrect."

The trial court is accorded broad discretion in setting and modifying child support payments and, absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *In re Davis*, 30 S.W.3d 609, 616 (Tex.App.—Texarkana 2000, no pet.); *Stocker v. Magera*, 807 S.W.2d 753, 754 (Tex.App.—Texarkana 1990, writ denied). In determining whether the trial court abused its discretion, we view the evidence in the light most favorable to the trial court's action, indulging every presumption in favor of the judgment. *In re P.J.H.*, 25 S.W.3d 402, 405 (Tex.App.—Fort Worth 2000, no pet.). If some probative and substantive evidence supports the trial court's findings, the trial court did not abuse its discretion. *Id.*

Wahid's net resources exceeded $6,000 per month. If a parent's net resources exceed $6,000 per month, the court shall "presumptively" apply the percentage guidelines to the first $6,000 of the parent's net resources. Tex.Fam.Code Ann. § 154.126 (Vernon 1996). The court may further order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs of the child. *Id.*

However, if a parent's actual income is significantly less than he could earn because of his intentional unemployment or underemployment, the court may apply the child support guidelines to his earning potential rather than to his actual net resources. Tex.Fam.Code Ann. § 154.066 (Vernon 1996); *Davis*, 30 S.W.3d at 616. To make a finding of intentional underemployment or unemployment, there must be evidence the parent reduced his income for the purpose of decreasing his child support payment. *P.J.H.*, 25 S.W.3d at 405. The requisite intent, or lack thereof, to be underemployed or unemployed for the purpose of determining a child support award may be inferred from such circumstances as the parent's education, economic adversities, business reversals, business background, and earning potential. *Davis*, 30 S.W.3d at 617; *P.J.H.*, 25 S.W.3d at 405–06. At the same time, the court must keep in mind a parent's right to pursue his or her own happiness. *DuBois v. DuBois*, 956 S.W.2d 607, 610 (Tex.App.—Tyler 1997, no pet.). Once the parent who is obligated to pay child support has offered proof of his or her current wages, the other parent bears the burden to show that the obligor is intentionally underemployed or unemployed. *Id.*

Zorilla argues that Wahid should pay additional child support on grounds that, if he changed jobs, he could earn as much as $350,000 annually, rather than the $145,000 that he made in 1999. Although Wahid, a licensed physician, is board-certified in oncology, he works in the mental health field rather than oncology. According to Zorilla, Wahid is "purposefully under employing himself" because he could earn much more by working in the field of his board certification.

Based on the record before this Court, we conclude that the trial court did not abuse its discretion in finding that Wahid was not intentionally underemployed. *Davis*, 30 S.W.3d at 616. Funda-

mentally, Zorilla's arguments that Wahid could have obtained more lucrative employment are speculative in nature. The record fails to contain evidence regarding specific job openings for higher-paying positions for which Wahid was qualified. Wahid testified, without contradiction, that he was not capable of working the ninety-plus hours weekly that would be required for more remunerative work in the private sector. There is no evidence that Wahid's underemployment was effectuated for the specific purpose of reducing his child support obligations. Further, cases awarding child support based on underemployment generally rest on high past earnings that are presently reduced, and in this case, Wahid has never earned more money than at present. *See, e.g., P.J.H.*, 25 S.W.3d at 405–06; *DuBois*, 956 S.W.2d at 610. The trial court's decision regarding the appropriate amount of child support was based, in part, on the credibility of the witnesses, a matter within the trial court's purview, and we will not disturb that decision on appeal. *See Norris v. Norris*, 56 S.W.3d 333, 338 (Tex.App.—El Paso 2001, no pet.).

Zorilla further argues that the trial court erred in ordering $1,500.00 per month in child support because "the amount is incorrect." Although the divorce decree, entered December 1, 2000, awards Zorilla $1,500.00 per month in child support, the trial court's findings of fact, entered March 1, 2001, recite that Wahid is to pay child support of $1,800.00 per month.

■■■■■ Findings of fact and conclusions of law filed after a judgment are controlling if there is any conflict between them and the judgment. *City of Laredo v. R. Vela Exxon, Inc.*, 966 S.W.2d 673, 678 (Tex.App.—San Antonio 1998, writ denied); *Arena v. Arena*, 822 S.W.2d 645, 652 (Tex.App.—Fort Worth 1991, no writ). Similarly, according to Texas Rule of Civil Procedure 299a, if there is a conflict between findings of fact recited in a judgment and findings of fact made otherwise, the findings of fact will control for appellate purposes. Tex.R.Civ.P. 299a; *see Tate v. Tate*, 55 S.W.3d 1, 9 (Tex.App.—El Paso 2000, no pet.). When an appellate court is presented with a conflict between a judgment and subsequent findings and conclusions, the appellate court has the power to modify the judgment to conform with the findings of fact and conclusions of law. *Arena*, 822 S.W.2d at 652.

Based on the foregoing, we sustain Zorilla's fourth issue, and modify the judgment to reflect that Wahid is to pay child support in the sum of $1,800.00 per month.

### *Attorney's Fees*

■■■■■ Even though attorney's fees were not assessed against Zorilla, in her fifth issue, Zorilla contends that the trial court erred in awarding attorney's fees. The trial court ordered payment of attorney's fees in the Final Decree of Divorce, and assessed all attorney's fees against Wahid and in favor of Zorilla. Zorilla attacks the basis for the award, given that "custody of the children was not even contested," and also contests the sufficiency of the evidence for the award.

While Zorilla referenced attorney's fees in her motion for new trial, she argued only that "the trial court erred in ordering payment by Rosalinda A. Saldana of $27,338" to Wahid. Zorilla had transferred community property funds to Saldana, thus Saldana was a party to the divorce proceedings. Zorilla argued that Wahid owed her $24,000 in past due spousal support, and therefore, $24,000 of the monies held by Saldana should have been awarded to Zorilla in satisfaction of the spousal support award.

Zorilla did not otherwise raise the issue of attorney's fees in the trial court through a motion for new trial or motion to modify the judgment. Therefore, Zorilla's arguments regarding the award of attorney's fees are not preserved for review. TEX. R.APP.P. 33.1; *Henry v. Henry*, 48 S.W.3d 468, 480 (Tex.App.—Houston [14th Dist.] 2001, no pet.); *Massey v. Massey*, 807 S.W.2d 391, 403 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

 Even if this issue were preserved for review, we would conclude that the award of attorney's fees was supported by the law. We agree with appellant that the trial court does not have inherent authority to award attorney's fees in a divorce. *Toles v. Toles*, 45 S.W.3d 252, 267 (Tex.App.—Dallas 2001, pet. denied). However, a trial court may award attorney's fees in a suit affecting the parent-child relationship. TEX.FAM.CODE ANN. § 106.002 (Vernon Supp.2002); *Henry*, 48 S.W.3d at 480. Moreover, a court may also apportion attorney's fees in a divorce action as part of a just and right division of property. *Henry*, 48 S.W.3d at 480; *Capellen v. Capellen*, 888 S.W.2d 539, 544–45 (Tex.App.—El Paso 1994, writ denied).

In the instant case, the trial court had authority to award attorney's fees in conjunction with a "just and right" division of property, and further had authority to award fees given that the instant suit affected the parent-child relationship. Although Zorilla argues that "custody of the children was not even contested," this argument is not supported by the record. Custody of the children was a disputed issue in the proceedings below. In Zorilla's motion for new trial, she argues that the trial court erred in awarding joint managing conservatorship over the children. In fact, Zorilla argued that Wahid might kidnap the children and take them to Bangladesh.

We conclude that the trial court's award of attorney's fees did not constitute an abuse of discretion. *See Thomas v. Thomas*, 895 S.W.2d 895, 898 (Tex.App.—Waco 1995, writ denied). Zorilla's fifth issue is overruled.

## II.

### *Nurul Wahid's Appeal*

 The trial court granted Zorilla temporary support and entered an order awarding her $24,000 for past-due support payments. Wahid raises three issues attacking the award of $24,000: (1) the trial court erred in granting temporary support to Zorilla as she had adequate income to support herself; (2) the order on motion for enforcement of spousal maintenance is not enforceable because it was not incorporated in the final divorce decree; and (3) the order on motion for enforcement of spousal maintenance is not enforceable because it was voided by the terms of the final decree of divorce.

 The trial court has broad, but not unlimited, discretion in making temporary orders for support during the course of divorce proceedings, and the trial court's order will not be disturbed absent an abuse of discretion. *Herschberg v. Herschberg*, 994 S.W.2d 273, 278 (Tex. App.—Corpus Christi 1999, pet. denied).

 The trial court had before it conflicting evidence regarding Zorilla's means to pay for her necessities and Wahid's ability to pay, and some evidence supports the trial court's award of temporary support. *See id.* An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence reasonably supports the trial court's decision. *See Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). Moreover, we assume that, upon final division, the trial

court considered the equities of the parties and made final adjustments for the amount of temporary support in making a just and right division of the marital estate. *See Herschberg,* 994 S.W.2d at 278.

Further, the record shows no objection to the trial court's initial ruling granting Zorilla temporary support, and, in fact, the appellate record fails to contain the order initially granting temporary support. Wahid failed to pursue this interlocutory ruling by mandamus, but instead waited until the trial court entered an order enforcing its award of temporary support. *See* TEX.FAM.CODE ANN. § 6.507 (Vernon 1998) (temporary orders generally not subject to interlocutory appeal); *Dancy v. Daggett,* 815 S.W.2d 548, 549 (Tex.1991) (per curiam) (allowing review of temporary orders by mandamus). We question whether Wahid's actions have timely and adequately preserved this issue for review. *See* TEX.R.APP.P. 33.1. We overrule Wahid's first issue.

In his second and third issues, Wahid argues that the trial court's order was not enforceable because it was not incorporated in the final divorce decree and because it was voided by the terms of the final decree of divorce. In the instant case, the trial court entered both the "Final Decree of Divorce" and the "Order on Motion for Enforcement of Spousal Maintenance" on the same day. The divorce decree provides that the parties are "discharged from all further liabilities and obligations imposed by the temporary orders of this Court."

■ The provisions of the family code contemplate that the trial court has the authority to issue temporary orders separate and apart from the divorce decree. *See, e.g.,* TEX.FAM.CODE ANN. § 6.709 (Vernon 1998). The rendition of a final divorce decree does not in itself nullify any temporary order with respect to payments past due. *In re Gonzalez,* 993 S.W.2d 147, 157 (Tex.App.—San Antonio 1999, pet. denied); *Ex parte Shaver,* 597 S.W.2d 498, 500 (Tex.Civ.App.—Dallas 1980, orig. proceeding). It supersedes the temporary order with respect to future support, but the obligation for past support, as fixed by the temporary order, continues unless modified by the provisions of the divorce decree. *Shaver,* 597 S.W.2d at 500. The rendition of the divorce decree is not inconsistent with a continuing obligation to make payments that are past due under the temporary order. *Id.*

In the instant case, the language in the divorce decree terminating the effect of temporary orders is expressly applicable to "further" liabilities. We conclude that the obligation for past support was not extinguished by the divorce decree. Wahid's second and third issues are overruled.

### III.

#### Conclusion

We affirm the trial court's order enforcing the award of $24,000 to Zorilla. We modify the final decree of divorce to provide that Wahid is to pay child support in the sum of $1,800.00 per month, rather than $1,500.00 per month as originally provided in the decree. As modified, the decree is affirmed.