NUMBER 13-03-00034-CV

 

                                 COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                        CORPUS
CHRISTI B EDINBURG

                                                                                                                       


KATHRYN MARIE COLVIN,                                                             Appellant,

 

                                                             v.

 

JEWEL LATHANIEL COLVIN,                                                           Appellee.

                                                   
                                                                    

    On
appeal from the 328th District Court of Fort Bend County, Texas.

                                                                                                                     
  

                              MEMORANDUM OPINION

 

                         Before Justices Hinojosa, Yañez, and Garza

                          Memorandum
Opinion by Justice Hinojosa

 

After a bench trial, the trial court
rendered and signed a final decree of divorce. 
In twenty-four issues, appellant, Kathryn Marie Colvin, appeals the
trial court=s division of property and award of child
support.  We affirm.








Kathryn and appellee, Jewel Lathaniel
Colvin, met in Sharjah, United Arab Emirates, where Jewel was employed by Amoco
Corporation.  Kathryn and Jewel married
in Sharjah on January 2, 1988, and two children were born of the marriage.  After the marriage, the couple continued to
live overseas for several years.  In July
1995, Kathryn and Jewel moved to Fort Bend County, Texas, where they resided at
the time Kathryn filed for divorce in the 328th District Court of Fort Bend
County.  The case was tried to the court,
and the final decree of divorce was signed on September 16, 2002.

Prior to the marriage, Kathryn and Jewel
planned to sign a premarital agreement. 
Jewel contacted an attorney in Arkansas, his state of residence, to
draft the agreement, and Kathryn consulted an attorney in Chicago to review the
document on her behalf.  However, due to
delays in finalizing it, the document became a postnuptial agreement.  The document was signed in October 1988,
while the couple was visiting Arkansas.

 The
agreement shows Jewel=s permanent residence as Arkansas and
Kathryn=s permanent residence as Minnesota.  The agreement sets forth a list of each party=s separate assets and provides that the
other party is not entitled to receive those assets Aas valued on January 1, 1988.@  No
choice of law provision is set forth in the agreement, and neither party
requested that the trial court take judicial notice of any other state=s law. 
See Tex. R. Evid. 202. 

                                                                A.  Property








In her first six issues, Kathryn contends
the trial court erred in applying the rules of interpretation for contracts
regarding the postnuptial agreement, and subsequently erred in finding that the
value of Jewel=s separate property was not limited to its
value on January 1, 1988, as specified in the agreement.  Essentially, Kathryn asserts that the trial
court erred in characterizing any additions or increases in the value of Jewel=s specified separate property after January
1, 1988, as separate property, as opposed to community property, subject to
division.

A trial court is charged with dividing the
community estate in a Ajust and right@ manner, considering the rights of each
party and any children of the marriage.  Tex. Fam. Code Ann. ' 7.001 (Vernon 1998).   We review a trial court's division of
property under an abuse of discretion standard. 
Moroch v. Collins, 174 S.W.3d 849, 857 (Tex. App.BDallas 2005, pet. denied).

If the trial court mischaracterizes
community property as separate property, then the property does not get divided
as part of the community estate.  McElwee
v. McElwee, 911 S.W.2d 182, 189 (Tex. App.BHouston [1st Dist.] 1995, writ denied).  If the mischaracterized property has value
that would have affected the trial court's just and right division, then the
mischaracterization is harmful and requires the appellate court to remand the
entire community estate to the trial court for a just and right division of the
properly characterized community property. 
Id.  If, on the other hand,
the mischaracterized property had only a de minimis effect on the trial court's
just and right division, then the trial court's error is not an abuse of
discretion.  Id.  However, when the trial court finds that its
property division is just and right, regardless of any mischaracterization of
the property, even though the value of the property mischaracterized is great,
the mischaracterization does not affect the trial court=s just and right division of the
property.  Pace v. Pace, 160
S.W.3d 706, 716 (Tex. App.BDallas 2005, pet. denied); Vandiver v.
Vandiver, 4 S.W.3d 300, 303 (Tex. App.BCorpus Christi 1999, pet. denied). 








Here, the trial court concluded, AThe division of the property of Petitioner
and Respondent effected by the final judgment is just and right, having due
regard for the rights of each party and the children of the marriage,
irrespective of the characterization of any item of property as either
community or separate.@  We
interpret this to mean that the court would have divided the property the same
way regardless of whether the property is separate or community.  Furthermore, even if the trial court did
mischaracterize the additions and increases to Jewel=s separate property, Kathryn failed to
demonstrate how the purported mischaracterization had more than a de minimis
impact on a just and right division of the community estate.  See Pace, 160 S.W.3d at 716;
Vandiver, 4 S.W.3d at 302.

In fact, the 
record reflects that Kathryn received sixty percent of the parties= estate, leaving Jewel with forty
percent.  Because we cannot say that the
trial court abused its discretion, we overrule Kathryn=s first, second, third, fourth, fifth, and
sixth issues.

In her eighth and ninth issues, Kathryn
contends the trial court erred in failing to award her (1) $25,000, as
specified in the postnuptial agreement; (2) $24,385 to compensate her for
one-half of the community funds used to purchase a new car and dental work for
Jewel; and (3) her separate savings bonds listed in her inventory.  Kathryn further contends the trial court
erred in failing to file findings of fact and conclusions of law in support of
the failure to award her these items.








Upon Kathryn=s timely request, the trial court filed
findings of fact and conclusions of law. 
See Tex. R. Civ. P. 296,
297.  Thereafter, Kathryn filed a
request for additional findings of fact and conclusions of law.  In the second request, Kathryn asked the
court for the following additional conclusions: 
(1) that Article 2 of the postnuptial agreement is unambiguous, and (2)
that the parties ratified the agreement in 2001.  She made no request regarding the $25,000,
the $24,385, or the savings bonds. 
Kathryn cannot challenge the lack of particular findings of fact when
she failed to request them.  See
Western Steel Co. v. Coast Inv. Corp., 760 S.W.2d 725, 727 (Tex. App.BCorpus Christi 1988, no writ).  

Kathryn contends that the $25,000, the
$24,385, and the savings bonds should have been awarded to her in the division
of property.  However, as we stated
above, when reviewing a trial court's division of property, we do so under an
abuse of discretion standard.  Moroch,
174 S.W.3d at 857.  Kathryn has failed to
present any argument or legal authority showing how the trial court abused its
discretion when it failed to specifically award her these items.  See Tex.
R. App. P. 38.1(h).  Kathryn=s eighth and ninth issues are overruled.

                                                           B.  Child
Support

In issues nineteen through twenty-four,
appellant challenges the trial court=s award of child support.  Specifically, in issues nineteen through
twenty-two, Kathryn challenges the sufficiency of the evidence to support the
trial court=s findings of fact; in issue twenty-three,
Kathryn contends the trial court erred when it failed to set child support in
accordance with section 154.126 of the Texas Family Code; and in issue
twenty-four, Kathryn asserts the trial court erred in failing to make a
specific finding of fact regarding the total proven needs of the children.








A trial court has discretion to establish
child support within the parameters set out in the child support guidelines of
the Texas Family Code.  Rodriguez v.
Rodriguez, 860 S.W.2d 414, 415 (Tex. 1993); Scott v. Younts, 926
S.W.2d 415, 419 (Tex. App.BCorpus Christi 1996, writ denied).  A trial court=s order of child support will not be
disturbed on appeal unless the complaining party can show a clear abuse of
discretion.  Rodriguez, 860 S.W.2d
at 415; Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  In determining whether the trial court abused
its discretion, we view the evidence in the light most favorable to the trial
court's action, indulging every presumption in favor of the judgment.  Zorilla v. Wahid, 83 S.W.3d 247, 253
(Tex. App.BCorpus Christi 2002, no pet.).  If some probative and substantive evidence
supports the trial court's findings, the trial court did not abuse its
discretion.  Id.

The family code establishes guidelines for
child support which are presumed to be reasonable and in the children's best
interests.  Tex. Fam. Code Ann. ' 154.122 (Vernon 2002).  The guidelines are specifically designed to
apply to situations in which the obligor's monthly net resources are $6,000 or
less.  Tex.
Fam. Code Ann. ' 154.125 (Vernon 2002).  Here, the percentage of net resources to be
allocated for the support of the two children is twenty-five percent.  Id.

"Net resources" includes all wage
and salary income, self‑employment income, and all other income actually
being received, including capital gains. 
See Tex. Fam. Code Ann.  ' 154.062(b) (Vernon 2002).  The court may order support above or below
the guideline amount if the evidence rebuts the presumption that application of
the guidelines is in the best interest of the children and justifies a variance
from the guidelines.  Tex. Fam. Code Ann. ' 154.123(a) (Vernon 2002).  In determining whether application of the
guidelines would be unjust or inappropriate under the circumstances, the court
shall consider evidence of all relevant factors, including:

(1)       the ages and needs of the children;

 

(2)       the ability of the parents to contribute
to the support of the children;








(3)       any financial resources available for the
support of the children;

 

(4)       the amount of time of possession of and
access to the children; 

 

(5)       the amount of the obligee's net
resources, including earning potential;

 

(6)       child care expenses necessary to enable
either party to maintain gainful employment;

 

(7)       whether either party has the managing
conservatorship or actual physical custody of another child;

 

(8)       the amount of alimony or spousal
maintenance actually and currently being paid or received by a party;

 

(9)       expenses for a child for education beyond
secondary school;

 

(10)     whether the obligor or obligee has an
automobile, housing, or other benefits furnished by an employer, another
person, or a business entity;

 

(11)     the amount of other deductions from wages,
salary, or other compensation;

 

(12)     provision for health care insurance and
payment of uninsured medical expenses;

 

(13)     special or extraordinary educational,
health care, or other expenses of the parties or of the children;

 

(14)     the cost of travel in order to exercise
possession of and access to the children;

 

(15)     positive or negative cash flow from any
real and personal property and assets, including a business and investments;

 

(16)     debts or debt service assumed by either
party; and

 

(17)     any other reason consistent with the best
interest of the children, taking into consideration the circumstances of the
parents.

 

See Tex. Fam. Code Ann. ' 154.123(b) (Vernon 2002).

 








If the obligor's net resources exceed $6,000
per month, the court shall apply the percentage guidelines to the first
$6,000.  T ex. Fam. Code Ann. ' 154.126 (Vernon 2002).  The court may order additional amounts of child
support as appropriate, depending on the income of the parties and the proven
needs of the children.  Id.  The entire amount of the presumptive award
must be subtracted from the proven total needs of the children.  Tex.
Fam. Code Ann.  ' 154.126(b). 
The court must then allocate between the parties the responsibility to
meet the children's additional needs, Aaccording to the circumstances of the
parties.@ Id. 
In no event may the obligor be required to pay more support than the
greater of the presumptive amount or 100 percent of the proven needs of the
children.  Id.  Ironically, the family code Aprovides a much narrower method for
calculating the support obligation when an obligor's net monthly resources
exceed $ 6,000. . . .@  Scott,
926 S.W.2d at 419. 

The trial court issued the following
findings of fact regarding the child support award:

1.         the application of the guidelines in
this case would be unjust or inappropriate;

 

2.         the amount of net resources available
to Respondent, JEWEL LATHANIEL COLVIN, per month is $3,000.00;

 

3.         the amount of net resources available to
Petitioner, KATHRYN MARIE COLVIN, per month is $3,000.00;

 

4.         the number of children before the Court
is two (2);

 

5.         the names and birth dates of all
children not before the Court who reside in the same household with JEWEL
LATHANIEL COLVIN and/or for whom JEWEL LATHANIEL COLVIN has a legal duty to pay
support are as follows: NONE;

 

6.         the amount of child-support payments
per month that is computed if the percentage guidelines of section
[154.125/154.129] of the Texas Family Code are applied to the first $6,000 of
Respondent, JEWEL LATHANIEL COLVIN=s, net resources is $750.00;

 








7.         the percentage applied to the first
$6,000 of Respondent, JEWEL LATHANIEL COLVIN=s net resources for child support by the
actual order rendered by the court is 50 percent;

 

8.         the specific reasons that the amount of
support per month ordered by the Court varies from the amount computed by
applying the percentage guidelines of section [154.125/154.129] of the Texas
Family Code are:

 

JEWEL LATHANIEL COLVIN=s net monthly resources are derived solely
from investments, rather than from a regular salary.  As such, his net resources are somewhat
arbitrary and determined by the sum he chooses to withdraw each month.  This factor, along with the proven needs of
the children, and the ability of KATHRYN MARIE COLVIN to support them, makes
the child support appropriate as ordered.

 

In issue
nineteen, Kathryn argues that the evidence does not support the trial court=s Finding of Fact No. 2 that Jewel=s net resources are $3,000.00 per
month.  In issues twenty and twenty-one,
she argues that because Finding No. 2 is erroneous, Finding Nos. 6 and 7 are
erroneous as well, because they are based on Finding No. 2.

The evidence
shows that Jewel retired from his employment in April 1999, before Kathryn
filed for divorce on August 27, 1999.  He
receives no monthly retirement income because he took lump-sum retirement in
April 1999.  In January 1998, Jewel
underwent double-bypass surgery, and his physician has since discovered that
Jewel=s heart has additional beats or Aclicks.@  Jewel
testified that his health issues have impacted his income potential.  Both parties testified that during the
previous two years, each party had lived on $3,500.00 per month by liquidating
community investments, investments from which the total interest and dividend
income for 2001 was $21,800.00.  Jewel
testified that he would have to continue liquidating assets to pay future child
support.








Viewing the evidence in the light most
favorable to the trial court=s action and indulging every presumption in
favor of the judgment, we conclude that there is some probative and substantive
evidence supporting the trial court=s Finding No. 2, and thus, the trial court
did not abuse its discretion.  See
Zorilla, 83 S.W.3d at 253. 
Accordingly, we overrule Kathryn=s nineteenth issue.  Further, because the basis of Kathryn=s twentieth and twenty-first issues is the
erroneous nature of Finding No. 2, and we have found no such error, Kathryn=s twentieth and twenty-first issues are
overruled.

In issue twenty-two, Kathryn contends the
evidence does not support the trial court=s Finding No. 8.  Specifically, she asserts the trial court
erred in allowing Jewel to arbitrarily set his own net resources, and the
finding does not address whether he is intentionally unemployed.

To make a finding of intentional
underemployment or unemployment, there must be evidence in the record that the
parent reduced his income for the purpose of decreasing his child support
payment.  Zorilla, 83 S.W.3d at
253.  The requisite intent, or lack
thereof, to be underemployed or unemployed for the purpose of determining a
child support award may be inferred from such circumstances as the parent's
education, economic adversities, business reversals, business background, and
earning potential.  Id.  Once the parent who is obligated to pay child
support has offered proof of his or her current wages, the other parent bears
the burden to show that the obligor is intentionally underemployed or
unemployed.  Id.

As previously set forth above, the evidence
at trial showed that Jewel retired prior to the divorce proceedings, and
neither party had any intention of him returning to work.  Jewel presented sufficient proof that his net
monthly resources are only $3000 per month. 
Thus, the burden shifted to Kathryn to show that Jewel was intentionally
unemployed.








We have reviewed the entire record and have
found no evidence that Jewel was intentionally unemployed.  In fact, Kathryn testified that after Jewel=s retirement, AIt was never either one of our plans jointly
or separately to go back to work.@ 
Kathryn=s twenty-second issue is overruled. 

In issue twenty-three, Kathryn asserts the
trial court erred in awarding only $1,500 in child support because the award is
not based upon the Aproven needs@ of the two children, when Jewel=s net resources are in excess of $6000 per
month.  Kathryn contends the trial court
erred in its application of section 154.126 of the family code.  However, a trial court utilizes section
154.126 only when it finds that the obligor=s net resources exceed $6000 per month.

Because the trial court found that Jewel=s net resources were only $3000 per month,
and we have concluded there was no abuse of discretion in doing so, we conclude
that section 154.126 of the family code is inapplicable in this case.  Kathryn=s twenty-third issue is overruled.

In issue twenty-four, Kathryn contends the
trial court erred in failing to make a finding of fact that $5,888 is the total
proven needs of the children.  However,
Kathryn provides no argument or authority in support of this contention.  See Tex.
R. App. P. 38.1(h).  Furthermore,
Kathryn failed to request such a finding, and there is no requirement that a
trial court make a finding of fact regarding the amount of proven needs.  See Tex.
Fam. Code Ann. ' 154.30; Western Steel Co.,
760 S.W.2d at 727.  Kathryn=s twenty-fourth issue is overruled.








In her seventh issue, Kathryn contends the
trial court erred in denying her oral request to file a trial amendment
alleging fraud on the last day of trial,
and subsequently in a written post-trial motion.  In her tenth and eleventh issues, Kathryn
contends the trial court erred in allocating securities without due
consideration of tax consequences and failed to make findings of fact or conclusions
of law supporting said allocation.  In
her twelfth through seventeenth issues, Kathryn contends the trial court erred
when it made no findings or conclusions to support the judgment; the trial
court erred in refusing to file additional findings of fact and conclusions of
law regarding ambiguity and ratification; and the evidence is insufficient to
support Finding of Fact No. 8, Conclusion of Law Nos. 4 and 5, and an implied
finding of ambiguity.  In her eighteenth
issue, Kathryn contends the trial court erred by failing to award her attorney=s fees. 
However, Kathryn has failed to adequately brief these issues.  See Tex.
R. App. P. 38.1(h).  Accordingly,
we overrule Kathryn=s seventh, tenth, eleventh, twelfth,
thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth
issues.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum Opinion delivered and filed this

the 25th day of May, 2006.