NUMBER 13-06-085-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


NORMA GLADYS DEAN-GROFF, Appellant,


v.
 


TERRY ROBERT GROFF, Appellee.

 


On appeal from the 28th District Court 


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides 


Memorandum Opinion by Justice Rodriguez



 Terry Robert Groff (appellee) and Norma Gladys Dean-Groff (appellant) divorced. 
Appellant now appeals the trial court's division of the parties' property. We affirm.

I. Background 

 Appellee and appellant were married on November 9, 1996. Appellee filed suit for
divorce on May 17, 2004. The parties were ordered to mediation on September 30, 2004,
and to trial on October 8, 2004. After a number of delays and after appellant's attorney
withdrew from the case, the court called the case to trial on November 18, 2005, and both
parties announced ready. Appellant informed the court that she was proceeding pro se. 
Appellee testified at trial, while appellant did not. Exhibits admitted through appellee's
testimony included, among other things, a document titled, "Proposed Division of
Community Assets and Liabilities" (inventory).

 At trial, appellee testified that prior to their marriage, he presented appellant with an
engagement ring. The character of the ring as appellant's separate property is not
disputed. Appellee further testified that during the marriage, the parties acquired a marital
residence and insurance for the residence that covered the house and personal property. 
They paid the insurance premiums with community funds. Appellee testified that appellant
submitted a claim to their homeowner's insurance that the ring was missing, and the
insurance company paid $13,000 on the missing item. Appellee's attorney asked him if he
wanted a part of the proceeds and he responded, "If it's appropriate, then I would take the
portion of it that is appropriate for the division of property." Appellant did not cross-examine appellee on the character of the insurance proceeds. She did not argue to the
trial court that it was her separate property.

 Appellee, a physician, testified that he is not a member of a partnership but is part
of a professional association. The trial court excluded certain documents appellant
claimed were related to appellee's medical practice that appellant attempted to present
during cross-examination of appellee. Appellant requested half of appellee's medical
practice accounts receivable and an interest in his alleged partnership.

 Appellee testified that appellant told him an attorney was maintaining an "escrow
account" (account) to be paid to appellant when she graduated from law school. In the
inventory, appellee recorded the amount of the account as $37,500 and requested half of
it.

 Under the divorce decree section, "Division of the Marital Estate," the trial court
awarded 100% of the insurance proceeds and account to appellant. No request was made
for findings of fact or conclusions of law. See Tex. R. Civ. P. 6.711(a).II. Division of Property

 By five issues, appellant generally complains the trial court abused its discretion by
not dividing the community property in a just and right manner. Appellant contends that
the trial court mischaracterized property, awarded non-existent property to appellant, and
refused to allow appellant to present evidence regarding appellee's business interests.

A. Standard of Review

 In a divorce decree, "the court shall order a division of the estate of the parties in
a manner that the court deems just and right, having due regard for the rights of each
party." Tex. Fam. Code Ann. § 7.001 (Vernon 2006). In dividing the property, a trial court
has broad discretion, and we will reverse its decision only if the trial court abuses that
discretion. Murf v. Murf, 615 S.W.2d 696, 698 (Tex. 1981). A trial court abuses its
discretion only when it acts in an arbitrary and unreasonable manner or when it acts
without reference to any guiding principles. Downer v. Aquamarine Operators, Inc. 701
S.W.2d 238, 241-42 (Tex. 1985); Garner v. Garner, 200 S.W.3d 303, 306 (Tex.
App.--Dallas 2004, no pet.). If findings of fact were neither requested nor made, we must
presume that the trial court made all findings necessary to support the judgment, and we
will uphold the judgment on any legal theory supported by the evidence. Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

B. Insurance Proceeds

 In her first issue, appellant asserts the trial court abused its discretion when it 
converted the insurance proceeds, which she claims as her separate property, into divisible
community property. Appellant argues that she was harmed because the mischaracterized
property had a value that affected the just and right division of the community property.

 If the trial court mischaracterizes separate property as community property and
divests a party of that property by awarding it, in its entirety, to another, it is unnecessary,
on appeal, to show harm because divestiture of separate property is reversible error. See
Tate v. Tate, 55 S.W.3d 1, 7 (Tex. App.--El Paso 2000, no pet.) (citing Eggemeyer v.
Eggemeyer, 554 S.W.2d 137, 140 (Tex. 1977); In re Marriage of Morris, 12 S.W.3d 877,
881 (Tex. App.--Texarkana 2000, no pet.)). However, when the trial court errs in
characterizing separate property as community property but does not divest the party of
her separate property, on appeal the party must establish that the error was harmful. Tate,
55 S.W.3d at 6-7; Magill v. Magill, 816 S.W.2d 530, 533 (Tex. App.--Houston [1st Dist.]
1991, writ denied) ("Mere mischaracterization of separate property as community property
alone does not require reversal.").

 In this case, assuming without deciding that the trial court erred in mischaracterizing
the insurance proceeds as community property, the trial court awarded the entire amount
of the insurance proceeds to appellant as part of the community division; thus, she was not
divested of her separate property. See Eggemeyer, 554 S.W.2d at 142; Tate, 55 S.W.3d
at 7. Therefore, appellant must show that the error, if any, was harmful. See Tate, 55
S.W.3d at 7. To establish harm, appellant has the burden of proving that the disparity in
the division of the property was caused by the mischaracterization of the insurance
proceeds and that any disparity was of such substantial proportions that it constituted an
abuse of discretion. Magill, 816 S.W.2d at 533.

 Appellant asserts that the insurance proceeds, in the amount of $13,000, make up
thirteen percent of her community award. She appears to be contending that by including
the proceeds in the community estate the trial court created an inequity that constituted an
abuse of discretion. However, not all property awarded to the parties had a value
assigned, and no factual findings appear in the record. Therefore, we presume that the
trial court properly considered the entire circumstances of the parties, made all findings
necessary to support the decree, and correctly exercised its discretion in dividing their
property. See Worford, 801 S.W.2d at 109; see also Tex. Fam. Code Ann. § 7.001 (Vernon
2006). Appellant has not met her burden of proving that any disparity in the division was
caused by this mischaracterization and that it was of such substantial proportions that it
constituted an abuse of discretion. Magill, 816 S.W.2d at 533. Furthermore, after
reviewing the overall division of the property, we cannot say that the mischaracterization,
if any, affected the division of the parties' marital estate. See In re Morris, 12 S.W.3d 877,
881 (Tex. App.--Texarkana 2000, no pet.). Therefore, we conclude that error, if any, was
harmless. We overrule appellant's first issue.

C. $37,500 Account

 In her second issue, appellant contends that the award of an "escrow account" as
part of her share of the community property was improper. She argues that the trial court
abused its discretion because appellee did not establish that the account existed and did
not establish the value of the account. We construe this issue as a challenge to the
sufficiency of the evidence, a factor we consider in determining whether the trial court
abused its discretion when it awarded the $37,500 account in its entirety to appellant as
a portion of her share of the community property. See Zorilla v. Wahid, 83 S.W.3d 247,
252 n.1 (Tex. App.--Corpus Christi 2002, no pet.).

 As set out above, a trial court has broad discretion in dividing property. See Murf,
615 S.W.2d at 698. In determining whether the trial court abused its discretion in dividing
the property, the sufficiency of the evidence is only a factor that can be considered. Zorilla,
83 S.W.3d at 252 n.1. Sufficiency of the evidence is not an independent ground for
reversal. In re Estate of Robinson, 140 S.W.3d 801, 807 (Tex. App.--Corpus Christi 2004,
pet. dism'd) (stating that this Court follows the majority of courts that conclude "sufficiency
of the evidence review is part of the abuse of discretion review" (quoting Zorilla, 83 S.W.3d
at 252 n.1)). In determining whether the trial court abused its discretion, we view the
evidence in the light most favorable to the trial court's determination, indulging every
presumption in favor of its decision. Zorilla, 83 S.W.3d at 253. If some probative and
substantive evidence supports the trial court's decision regarding the division of property,
the trial court did not abuse its discretion. Id.

 On direct examination, when asked to explain this account, appellee testified,
without objection, as follows:

 One of the members of the Padre Island Investment Club was involved in a
surgical mishap. Because of their relationship through the investment club,
[appellant] became aware and quite upset about the nature of this. When
the individual had sought to employ an attorney because of her physical loss
during that, she was denied by the attorney. [Appellant] found this individual
who talked to me, and I did a legal review of the individual's chart and
submitted it to him. On the basis of my report, he took the case and
prosecuted and it settled without going to trial. [Appellant] informed me that
the basis of the relationship with the attorney was that he was to maintain an
account for her at interest until she completed law school, at which time she
would be paid out of the proceeds of his court award.


Appellee testified that he heard about the account from appellant. (1) He also testified that
he found a letter from that case asking for settlement. He found the letter located in files
in his home office, which were maintained by appellant. This demand letter was admitted
into evidence without objection. See Tex. R. Evid. 802 ("Inadmissible hearsay admitted
without objection shall not be denied probative value merely because it is hearsay."). Also
admitted without objection was appellee's inventory which listed the account as a
community asset.

 Appellant now contends that this account does not exist, however, she did not
dispute its existence at trial. Moreover, she concedes that appellee testified regarding the
existence of the account and that the trial court admitted into evidence the demand letter
and appellee's inventory.

 Appellant also contends that appellee did not establish the amount of the account. 
However, the account and its value, $37,500, were listed in appellee's inventory. Appellee
testified that the inventory was a summary of his testimony and that if asked to testify on
each item in the inventory his answers would be the same. In addition, appellant neither
challenged this testimony nor offered evidence at trial concerning the value of the
complained-of property. Where an appellant does not provide values on any of the
property to the trial court, the party cannot complain on appeal of the trial court's lack of
complete information in dividing that property. LeBlanc v. LeBlanc, 761 S.W.2d 450, 453
(Tex. App.--Corpus Christi 1988), aff'd, 778 S.W.2d 865, 865 (Tex. 1989). Furthermore,
because the trial court is the sole judge of the credibility of the witnesses and the weight
to be given to their testimony, it may have believed part or all of appellee's testimony. 
London v. London, 192 S.W.3d 6, 14 (Tex. App.--Houston [14th Dist.] 2005, pet. denied);
Lahar v. Lahar, 803 S.W.2d 468, 469 (Tex. App.--Beaumont 1991, no writ).

 Therefore, viewing the evidence in the light most favorable to the trial court's
determination, indulging every presumption in favor of its decision, we conclude that there
is some probative and substantive evidence supporting its decision awarding 100% of the
proceeds in the account to appellant as part of her share of the marital estate. Zorilla, 83
S.W.3d at 253. The trial court did not abuse its discretion. We overrule appellant's second
issue.

D. Professional Debts

 In her third issue, appellant claims that the trial court improperly characterized
appellee's professional debts as community debts. Appellant complains that the trial court
mischaracterized two Frost bank accounts as community debt. In his inventory, appellee
listed these accounts, Frost National Bank Line of Credit for $58,694 and Frost National
Bank Equipment Lease for $3,953, under the heading professional liabilities. Appellant
does not provide a cite to the record where the trial court characterized appellee's
professional debt as either separate or community debt. (2) Furthermore, after reviewing the
record, including the divorce decree, we find that the only reference to these accounts is
in appellee's inventory where he lists them as his professional liabilities. They are not
mentioned in the decree. The only reference to a Frost bank account in the divorce decree
awards appellant the sum of $4,036 as an asset not a liability. Therefore, we find that this
argument is without merit, and we overrule appellant's third issue.

E. Appellee's Business Interests

 Appellant, in her fourth issue, contends that because the trial court improperly
prevented her from offering evidence and testimony regarding appellee's business
interests, the trial court could not accurately assess the true nature of appellee's income
for proper division and therefore abused its discretion.

 To complain on appeal that the trial court improperly excluded evidence, the party
must have first preserved error by offering the evidence and securing an adverse ruling
from the trial court. Perez v. Lopez, 74 S.W.3d 60, 66 (Tex. App.--El Paso 2002, no pet.). 
The complaining party must have complied with Texas Rule of Evidence 103(a)(2) which
states that error may not be predicated upon a ruling that excludes evidence unless, "the
substance of the evidence was made known to the court by offer, or was apparent from the
context within which questions were asked." Tex. R. Evid. 103(a)(2); see Tex. R. App. P.
33.1(a)(1); Akin v. Santa Clara Land, Co., 34 S.W.3d 334, 339 (Tex. App.--San Antonio
2000, pet. denied); Wade v. Comm'n for Lawyer Discipline, 961 S.W.2d 366, 374 (Tex.
App.--Houston [1st Dist.] 1997, no pet.); Weng Enters., Inc. v. Embassy World Travel, Inc.,
837 S.W.2d 217, 221 (Tex. App.--Houston [1st Dist.] 1992, no pet.). When a trial court
excludes evidence, including testimony of the opponent's witness on cross-examination,
the complaining party must have made an offer of proof showing what the witness's
testimony would have been. Perez, 74 S.W.3d at 67. The offer of proof must enable us
to ascertain the specific nature of the excluded evidence in order to determine its
admissibility. In re N.R.C., 94 S.W.3d 799, 806 (Tex. App.--Houston [14th Dist.] 2002, pet.
denied). Without an offer of proof, this Court cannot determine whether exclusion of the
evidence was harmful. Perez, 74 S.W.3d at 66-67; see Weng, 837 S.W.2d at 221.

 Appellant argues that the trial court improperly prevented her from providing
testimony and evidence regarding appellee's "partnership with OB/GYN Associates' [sic]." 
Appellant, during cross-examination of appellee, attempted to present four "OB/GYN year-end reports, '97, '98, '99, and 2000." Opposing counsel objected to the reports as not
relevant. The trial court sustained the objection and excluded the reports from evidence. 
 Appellant made no offer of proof showing the substance of any of the reports following the
trial court's ruling. See Tex. R. Evid. 103(a)(2); see also Akin, 34 S.W.3d at 339; Wade,
961 S.W.2d at 374; Weng, 837 S.W.2d at 221. Because we cannot consider the reports
and because the substance of the evidence is not apparent from the context of the
questions asked at trial, appellant has failed to preserve error regarding these reports. See
Wade, 961 S.W.2d at 374 (holding that, in the absence of offer of proof, an appellate court
has no basis to review a contention that the trial court committed reversible error by
preventing defendant from introducing documents).

 Next, appellant claims the trial court improperly excluded a document which she
claims is a partnership agreement between appellee and "his group." Opposing counsel
objected to the contract's admission. The trial court did not rule on the objection. Neither
appellant nor appellee's counsel requested a ruling from the trial court. Appellant
concedes in her brief that the trial court never sustained the objection. Because appellant
did not secure an adverse ruling from the trial court, she has not preserved error regarding
the partnership contract. See Perez, 74 S.W.3d at 66.

 Appellant also appears to complain that the trial court prevented her from providing
testimony regarding the same documents. Again, appellant made no offer of proof
regarding what the testimony would have been. See id. Therefore, appellant has not
preserved error on this complaint. We overrule appellant's fourth issue.

F. Just and Right Division

 Predicating her fifth issue on issues one through four, appellant contends that the
trial court abused its discretion because it mischaracterized property (the insurance
proceeds and the professional liabilities), awarded her non-existent property, and excluded
evidence. Having overruled appellant's first four issues, we, therefore, overrule the fifth
issue. See Tex. R. App. P. 47.1.

III. Conclusion

 We affirm the trial court's judgment.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 8th day of November, 2007.
1. On cross-examination, appellee testified that appellant told him about the existence of the
account. He was not aware of any written information about this account.
2. In her reply brief, appellant refers us to the trial court's civil docket sheet. She claims that the
docket sheet characterizes appellee's professional debt and that it is the trial court's order. However,
"[w]e do not consider the docket entries a part of the record. A docket entry forms no part of the record
which may be considered; it is a memorandum made for the trial court and clerk's convenience." 
Aguirre v. Philips Props., 111 S.W.3d 328, 333 (Tex. App.--Corpus Christi 2003, pet. denied) (en banc);
see Guyot v. Guyot, 3 S.W.3d 243, 246 (Tex. App.--Fort Worth 1999, no pet.) ("One reason for not
considering docket entries on appeal is that they are inherently unreliable."). Further, when courts have
discussed the use of a docket sheet on appeal, the situations are typically where evidence of a trial
court's judgment is only found in the docket sheet. See Guyot, 3 S.W.3d at 247; see also Frommer v.
Frommer, 981 S.W.2d 811, 813 n.2 (Tex. App.--Houston [1st Dist.] 1998, pet. dism'd) (refusing to refer
to a docket sheet to supply facts when the party failed to request findings of fact and conclusions of
law); Roever v. Roever, 824 S.W.2d 674, 676 (Tex. App.--Dallas 1992, no writ) (refusing to examine
docket sheet where husband claimed community property estate was of no or nominal value when
neither party claimed clerical error in the judgment). In this case, the trial court's order titled "Final
Decree of Divorce" is included in the record.