

# NUMBER 13-24-00449-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BERNABE FELIX SERNA,                                            **Appellant,**

**v.**

MARTHA SERNA,                                               **Appellee.**

## ON APPEAL FROM THE 398TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice West**

Appellant Bernabe Felix Serna argues the trial court improperly dismissed his action for division of out-of-state property undisposed by his 2009 divorce decree from appellee Martha Serna. By three issues, which we address together, Bernabe argues the trial court erred. We reverse and remand.

## I.  BACKGROUND

Bernabe initiated the underlying lawsuit against Martha, seeking division of community property and a claim for fraud on the community. He pleaded the following facts:

- He and Martha were married in 1981.

- Martha purchased property in Colorado during the marriage.

- He and Martha were divorced in 2009.

- The 2009 divorce decree did not address the Colorado property because the parties "agreed to divide the property among themselves later."

- Martha informed Bernabe in 2023 that she would not follow their agreement and thereafter "transferred the property to a third party."

Bernabe's pleading sought a declaration that the Colorado property was community property and requested that Bernabe "receive his ½ interest in said property" as well attorney's fees and costs of court.

Martha filed a motion to dismiss under Rule 91a, arguing that Bernabe "failed to state a claim upon which relief can be granted" and that the subject property is her separate property because "Colorado is not a community property state." *See* Tex. R. Civ. P. 91a. The trial court granted Martha's motion, and this appeal followed.

## II.  STANDARD OF REVIEW & APPLICABLE LAW

We review the merits of a Rule 91a ruling de novo. *Davis v. Homeowners of Am. Ins.*, 700 S.W.3d 837, 842 (Tex. App.—Dallas 2023, no pet.); *Flores v. Bank of Am., N.A.*, 697 S.W.3d 243, 249 (Tex. App.—El Paso 2023, no pet.). In de novo review, no deference is given to the trial court's decision. *See In re Est. of Slaughter*, 305 S.W.3d 804, 808 (Tex.

2

App.—Texarkana 2010, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)).

Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. Under a Rule 91a analysis, we look at no evidence but are confined to the allegations in plaintiff's pleading "together with any pleading exhibits permitted by Rule 59."[1] TEX. R. CIV. P. 91a.6; *see Flores*, 697 S.W.3d at 249 (quoting *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding)). We construe pleadings liberally in plaintiff's favor, look to the pleader's intent, and accept as true the pleading's factual allegations. *Flores*, 697 S.W.3d at 249 (citing *In re Facebook, Inc.*, 625 S.W.3d 80, 83 (Tex. 2021)). "[I]f nothing in the pleading itself triggers a clear legal bar to the claim, then there is a basis in law and the motion should be denied." *Id*. (quoting *In re Jordan Foster Constr., LLC*, No. 08-22-002010CV, 2023 WL 2366610, at *3 (Tex. App.— El Paso Mar. 6, 2023, no pet.) (orig. proceeding) (mem. op.)); *see Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 611 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) ("[W]hile Rule 91a requires courts to take all factual allegations in the pleadings as true, legal conclusions need not be taken as true." (internal quotation omitted)). "Because Rule 91a provides a harsh remedy, its requirements must be strictly construed." *Flores*, 697

---

[1] We note that the trial court and the parties relied extensively upon evidence and engaged in two evidentiary hearings. However, such is improper under a Rule 91a analysis, *see* TEX. R. CIV. P. 91a.6, and we therefore disregard the evidence.

S.W.3d at 249 (citing *Darnell v. Rogers*, 588 S.W.3d 295, 304 (Tex. App.—El Paso 2019, no pet.)).

### III.    DISCUSSION

### A.    Pleading Sufficiency

We first address Martha's argument, made in her Rule 91a motion, that Bernabe failed to plead a legally cognizable cause of action. On appeal, she specifically complains that Bernabe failed to invoke specific statutes to support his claims, such as Texas Family Code § 9.201(a) (allowing for post-judgment division of property undivided by a final divorce decree) or Texas Civil Practices and Remedies Code § 37.003 (declaratory judgment statute).

"When, as here, special exceptions are not filed, we construe the petition liberally in favor of the pleader." *Huff Energy Fund, L.P. v. Longview Energy Co.*, 482 S.W.3d 184, 195 (Tex. App.—San Antonio 2015), *aff'd sub nom. Longview Energy Co. v. Huff Energy Fund LP*, 533 S.W.3d 866 (Tex. 2017). The Texas Rules of Civil Procedure provide that a pleading which sets forth a claim for relief shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47. A pleading is not required to cite law. *Wal-Mart Stores, Inc. v. McKenzie*, 22 S.W.3d 566, 571 (Tex. App.—Eastland 2000, pet. denied). The petition is sufficiently detailed if a cause of action may be "reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Longview Energy Co.*, 482 S.W.3d at 195. "In determining whether a pleading is adequate, we examine whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy." *Id.*

4

Bernabe's pleading set forth the facts detailed above and provided in relevant part:

> Plaintiff request [sic] the Court to declare the above property to be *community property*, that said property was purchased during the marriage. That said property be *divided* 50/50 among Plaintiff and Defendant. Plaintiff request [sic] reasonable attorney's fees.

(Emphasis added).

There are two legal theories allowing for division of property omitted from a final divorce decree: Chapter 23 of the Property Code and Subchapter C of Chapter 9 of the Family Code. *S.C. v. M.B.*, 650 S.W.3d 428, 434 (Tex. 2022) (explaining the history of post-divorce property division procedures). Bernabe argues on appeal that he is entitled to a division of the property under § 9.201 of the Family Code. It provides: "Either former spouse may file a suit as provided by this subchapter to *divide* property not divided or awarded to a spouse in a final decree of divorce or annulment." TEX. FAM. CODE ANN. § 9.201 (emphasis added). Considering Bernabe's pleading, the declaratory judgment statute, and the division procedure in the Family Code, we find an attorney of reasonable competence would be able to ascertain the nature and basic issues of Bernabe's claim. *See Longview Energy Co.*, 482 S.W.3d at 195. The trial court erred if it granted Martha's Rule 91a motion on this basis.

## B.      Division of Out-of-State Property

In her Rule 91a motion, Martha argued that Bernabe's suit must fail because the subject property was her separate property under Colorado law, and separate property is not subject to division. On appeal, she argues that the trial court lacked "jurisdiction to order conveyance" of the property for the same reasons.

5

First, while Texas courts lack jurisdiction to adjudicate title to land located outside the state, "Texas courts may enforce an *in personam* obligation by ordering a party to convey land located in another state." *Martinez Jardon v. Pfister*, 593 S.W.3d 810, 835 (Tex. App.—El Paso 2019, no pet.) (holding trial court had jurisdiction to order Mother to execute documents necessary for Father to obtain a security interest against Mexico properties); *Griffith v. Griffith*, 341 S.W.3d 43, 56–57 (Tex. App.—San Antonio 2011, no pet.) (holding trial court did not err in dividing community property located in Florida).

Second, in a Texas divorce, the characterization of property is not based on the law applicable in its location. *See Zorilla v. Wahid*, 83 S.W.3d 247, 251 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("Under Texas Family Code [§] 7.002, the 'quasi-community property statute,' Texas courts apply a 'just and right' property division regardless of the nature of the legal system of the previous domicile of the parties."), *disapproved of on other grounds by Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011). Instead, out-of-state property acquired by a spouse during the marriage—even when it would be considered separate property under that state's laws—is community property if it "would have been community property [had the acquiring spouse been] domiciled in [Texas] at the time of the acquisition." TEX. FAM. CODE ANN. § 7.002(a)(1); *see Zorilla*, 83 S.W.3d at 251; *Griffith*, 341 S.W.3d at 57 (finding Florida property was community property).

Here, Bernabe pleaded that the Colorado property was purchased by Martha during their marriage. The parties obtained a divorce in Texas, and the final divorce decree omitted the Colorado property. Taking the pleading as true and considering the Family Code, the property is community property and therefore subject to division under § 9.201. *See id*. §§ 3.001, 3.002, 7.002(a)(1); *Zorilla*, 83 S.W.3d at 251; *Griffith*, 341

6

S.W.3d at 57. Further, while the trial court lacks jurisdiction to adjudicate title to the Colorado property, it can order Martha to execute documents necessary to divide the property. *See* TEX. FAM. CODE ANN. § 9.203(a). Thus, the trial court erred if it granted Martha's Rule 91a motion on this basis.

## C.        Statute of Limitations

Bernabe next argues his claim is not barred by the statute of limitations. However, though Martha noted in her Rule 91a motion that Bernabe's suit was "filed over 14 years after the parties' divorce," she did not argue his suit was barred by limitations. *See* TEX. R. APP. P. 33.1(a) (regarding preservation of error for appeal). Moreover, she did not plead limitations as an affirmative defense in her answer. *See* TEX. R. CIV. P. 94. Accordingly, the trial court erred if it granted the Rule 91a motion on this basis.

Even if she had pleaded this defense in her answer and preserved it in her Rule 91a motion, it would not support dismissal under Rule 91a. The limitations period under the relevant statute begins running on "the date a former spouse unequivocally repudiates the existence of the ownership interest of the other former spouse and communicates that repudiation to the other former spouse." TEX. FAM. CODE ANN. § 9.202. And "[i]t can take well over a decade following divorce for some parties to seek to divide the property." *S.C.*, 650 S.W.3d at 449 (citing three cases where suit to divide property unincluded in the final divorce decree was properly brought fifteen to thirty-two years after entry of the final divorce decree). Here, Bernabe pleaded facts demonstrating that Martha unequivocally repudiated his ownership interest in 2023, and he filed his lawsuit the same year. Thus—solely considering the pleadings—the limitation period was not expired.

7

**D.     Res Judicata**

Lastly, Martha argues on appeal that Bernabe's claim is barred by res judicata because the parties' final divorce decree was entered in 2009. She did not plead this affirmative defense in her answer or make this argument in her Rule 91a motion. *See* TEX. R. CIV. P. 94; TEX. R. APP. P. 33.1(a). Therefore, the trial court erred if it granted the motion on this basis.

In any event, Bernabe pleaded that the divorce decree did not divide the Colorado property, a fact which Martha does not contest. And case law is clear that res judicata is not implicated when a party seeks post-decree division of property that was not adjudicated in the final divorce decree. *See S.C.*, 650 S.W.3d at 441 (finding Subchapter C does not implicate res judicata where it merely "allows property *that was never divided* to be divided *for the first time*"); *Appleton v. Appleton*, 76 S.W.3d 78, 84 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("Res judicata does not apply to post-divorce partitions where the divorce decree has not disposed of an asset."). Thus, Bernabe's claim as pleaded was not barred by res judicata.

## IV.     CONCLUSION

For the foregoing reasons, the trial court erred in granting Martha's Rule 91a motion to dismiss. Accordingly, we sustain Bernabe's issues. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

JON WEST
Justice

Delivered and filed on the
21st day of August, 2025.

8