**Affirmed and Opinion filed August 7, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00091-CV

---

## ENA JONES, Appellant

## V.

## THE MATTRESS FIRM HOLDING CORP., THE MATTRESS FIRM HOLDING CORP., D/B/A MATTRESS FIRM, Appellees

---

### On Appeal from the 270th District Court
### Harris County, Texas
### Trial Court Cause No. 2014-34051

---

## O P I N I O N

This appeal concerns the admissibility of dated photographs obtained from the Google Earth computer program. Ena Jones appeals from a final judgment following a jury trial in favor of appellees, the Mattress Firm Holding Corp. and the Mattress Firm Holding Corp., d/b/a Mattress Firm. Jones contends Mattress Firm's inflatable advertising "tube man" caused her to fall and suffer serious injury as she left a Mattress Firm store. The trial court excluded three satellite photographs from

Google Earth, which purportedly showed the location of the device on particular dates before and after the incident, based on objections including lack of authentication and relevance.

Jones argues the photos are authentic and relevant to rebut Mattress Firm's evidence regarding where it generally placed the device. We conclude the trial court did not abuse its discretion in excluding the photos because Jones did not authenticate the dates on each photo, and without those dates the photos are not relevant. In addition, even if error had been shown, the error was harmless because ample photographic and testimonial evidence was admitted bearing on the device's location at the time of the incident and thereafter. We therefore affirm the trial court's judgment.

## BACKGROUND

On April 2, 2014, Ena Jones went to a Mattress Firm in Houston, Texas to purchase a mattress. The store utilized an inflatable moving "tube man," also called a "wind dancer," to attract customers. An employee placed the tube man and its attached electrical fan at ground level in front of the store's entrance each business day and put away the device when the store closed for the day.

Jones testified she was startled by the tube man when she entered the store via a ramp and told the store manager, Edwin Reyes, about her experience. Upon exiting the store, Jones took an alternate route that involved the use of stairs. Jones testified the tube man again startled her, resulting in her missing a step and falling down, severely injuring herself.

At trial, the parties disputed how close the tube man was to the parking space Jones had used. Jones sought to introduce deposition testimony of Samuel Sanchez, the district manager for Mattress Firm, identifying the store and the tube man and discussing the device's location as shown in three different Google Earth

2

photographs. The photos purported to show the tube man in a particular location six and eighteen months before the incident as well as in a different location further from the parking space six days after the incident. Mattress Firm objected on multiple grounds: lack of authentication, relevance, and reliability; hearsay; and unfair prejudice. The trial court sustained the objection and excluded this portion of Sanchez's deposition testimony as well as the Google Earth photos.

At trial, several witnesses testified about where they had seen the tube man on the day of the incident and where the tube man generally was placed. The jury was shown other photos of the tube man in front of the store on different dates and in different locations. Reyes agreed that the official incident report stated Jones fell in an attempt to avoid the tube man. Jones's daughter testified she told Reyes that the tube man was not in a good spot and could obstruct handicapped people attempting to enter the store.

After a three-day trial, the jury returned a verdict finding neither party negligent. The trial court signed a take-nothing judgment based on the jury's finding.

## ANALYSIS

In two issues, Jones argues that the Google Earth photos were admissible, the trial court abused its discretion in excluding them, and this error was harmful, requiring a new trial. In particular, Jones addresses each of Mattress Firm's objections to the photos in her brief. Mattress Firm responds, in part, that Jones did not preserve her claim of error for our review. We begin our analysis there and, having concluded that Jones did preserve her claim, proceed to consider whether the trial court abused its discretion and whether any error was harmful.

## I. Jones preserved her challenge to the exclusion of the photos.

Mattress Firm contends that Jones failed to preserve her claim of error in excluding the Google Earth photos by not offering the photos separately from Sanchez's deposition and not making a formal offer of proof. We hold that her challenge to the trial court's ruling is preserved for our review.

A party seeking admission of evidence must inform the court of the substance of the evidence by an offer of proof, unless the substance is apparent from the context. Tex. R. Evid. 103(a)(2); *Garden Ridge, L.P. v. Clear Lake Ctr., L.P.*, 504 S.W.3d 428, 438 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Making an offer of proof enables an appellate court to determine whether the exclusion of the evidence was erroneous and harmful, and it allows the trial court to reconsider its ruling in light of the actual evidence. *Ludlow v. DeBerry*, 959 S.W.2d 265, 270 (Tex. App.—Houston [14th Dist.] 1997, no writ.). The rules of evidence do not mandate a formal offer; they require only a "short, factual recitation of what the [evidence] would show" to preserve the issue for appeal. *In re N.R.C.*, 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing Cathleen C. Herasmichuk, TEXAS RULES OF EVIDENCE HANDBOOK 96 (4th ed. 2001)). Counsel should reasonably and specifically summarize the evidence and state its relevance unless already apparent. *Id*.

 In responding to Mattress Firm's objections and the trial judge's questioning, Jones's counsel described the photos as showing the store, the tube man, and its location. Counsel further stated that the location of the tube man in the photos directly contradicted Mattress Firm's asserted location. The trial court understood that counsel was "try[ing] to admit [some]thing . . . printed off of Google Earth." The court also focused on authentication of the photos, stating: "let's talk about Google Earth. . . . [H]ow can you authenticate this?" The court understood the

admissibility of the photos to be preserved for appeal, stating that "if I'm wrong about [my ruling] I'll get it right the next time we try the case." The photos are included in the record, enabling appellate review.

Jones offered a short, factual recitation of what the photos showed and why she intended to introduce them. Further, it is clear from the context that the trial court excluded the photos and understood that the issue was preserved for appeal. Despite not presenting a formal offer of proof, Jones made the substance of the evidence apparent to the trial court and included it in the record. Thus, Jones properly preserved the issue for appeal. *See In re N.R.C.*, 94 S.W.3d at 806.

## II. The trial court did not abuse its discretion in excluding the dated Google Earth photos.

Jones challenges the trial court's ruling sustaining Mattress Firm's objection to the Google Earth photos by attacking each ground of objection in turn. She begins by arguing that the photos "are authenticated by judicial notice and because there is no way to reasonably dispute their scientific reliability." Although Mattress Firm's counsel conceded that the photos depicted the store, the dates on each photo were not authenticated. We conclude that without those dates, the photos are not relevant and the trial court did not abuse its discretion in excluding them. We therefore need not address Jones's challenges to the other grounds for Mattress Firm's objection.

### A. Standard of review and applicable law

The decision to exclude or admit evidence is within the sound discretion of the trial court. *Kroger Co. v. Milanes*, 474 S.W.3d 321, 341 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A trial court exceeds its discretion when it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *Barnhart v. Morales*, 459 S.W.3d 733, 742 (Tex. App.—Houston [14th Dist.] 2015, no pet.). When

5

reviewing matters committed to the trial court's discretion, a reviewing court may not substitute its own judgment for that of the trial court. *Barnhart*, 459 S.W.3d at 742. Thus, the question is not whether this court would have admitted the evidence. *Id*. Rather, an appellate court will uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.* (citing *Hooper v. Chittaluru*, 222 S.W.3d 103, 107 (Tex. App.—Houston [14th Dist.] 2006 pet. denied) (op. on reh'g)).

To be relevant, evidence must have any tendency to make a fact of consequence in determining the action more or less probable. Tex. R. Evid. 401. Relevant evidence generally is admissible. Tex. R. Evid. 402. Photographs are admissible if they are relevant to any issue in a case. *Kroger*, 474 S.W.3d at 342.

When a photograph is relevant to an issue in a case, it is admissible if it is authenticated by a witness as an accurate portrayal. *Davidson v. Great Nat. Life Ins. Co.*, 737 S.W.2d 312, 314-315 (Tex. 1987). The verifying witness must be familiar with the objects involved in the photograph and be able to state the photograph correctly represents them. *See* Tex. R. Evid. 901(a), (b)(1); *Kroger*, 474 S.W.3d at 342. Conditions in a photograph do not need to be identical to the conditions at the time of the event in question "if the changes are explained in such a manner that the photograph . . . will help the jury in understanding the nature of the condition at the time of the event at issue." *Kroger*, 474 S.W.3d at 342.

A trial court may exclude relevant evidence, however, if the probative value is substantially outweighed by unfair prejudice, confusion of the issues, the potential to mislead the jury or cause undue delay, or needless presentation of cumulative evidence. *See* Tex. R. Evid. 403. Photographs taken at or around the same time from the same angle are generally cumulative and excluding them is not an abuse of discretion. *Bartosh v. Gulf Health Care Ctr.-Galveston*, 178 S.W.3d 434, 443 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

6

**B.      The dates on the photos were not authenticated.**

The trial court admitted several photographs of the store, all taken from ground level and some showing the location of the tube man near the time of the incident. The three Google Earth photos offered by Jones show an aerial view of the Mattress Firm store. Counsel for Mattress Firm partially conceded the authenticity of these photos, stating "I'm not questioning that this isn't a picture of the store."

Each Google Earth photo also shows the location of the tube man, an issue that was disputed and material to Jones's claim of negligence. But there is no evidence that the Google Earth photos were taken on the day of the incident; the dates they bear are before and after the incident. Mattress Firm made clear that its objection to lack of authentication includes those dates.

A party may authenticate evidence about a process or system by "describing [that] process or system and showing that it produces an accurate result." Tex. R. Evid. 901(b)(9). This is the provision of Rule 901 typically employed in authenticating data produced by a machine or a computer program such as Google Earth. *See United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015) (discussing possible ways Google Earth photos could be authenticated under identically worded Fed. R. Evid. 901(b)(9)); *United States v. Espinal-Almeida*, 699 F.3d 588, 610–13 (1st Cir. 2012) (holding Google Earth maps with marked coordinates were properly authenticated under federal rule); *Burleson v. State*, 802 S.W.2d 429, 440 (Tex. App.—Fort Worth 1991, pet. ref'd) (holding computer-generated information was properly authenticated under Tex. R. Evid. 901(b)(9)).

Jones did not comply with this provision in order to authenticate the dates on the photos. She offered no evidence in the trial court describing how the Google Earth photos were dated or showing that those dates were accurate. On appeal, she asserts that the dates are computer-generated, but she points to nothing in the record

supporting that assertion. She also argues that we must take judicial notice of the photos' authenticity, but she identifies no sources at all—much less sources whose accuracy cannot reasonably be questioned—from which a court can readily determine the accuracy of the dates on the Google Earth photos.[1] *See* Tex. R. Evid. 201(b)(2). As a result, the trial court could reasonably conclude that the dates were not authenticated.

## C. Without the dates, the photos are not relevant.

The Google Earth photos purport to show the location of the tube man on certain dates before and after the incident. Without the dates, the photos do not "help the jury in understanding the nature of the condition at the time of the event." *Kroger*, 474 S.W.3d at 342. The photos merely show three different locations where Mattress Firm placed the tube man. The undated photos provide no information relevant to the disputed issue of the tube man's location at the time of the incident. Undated photos also cannot make more probable Jones's theory that Mattress Firm tended to place the tube man in a certain location before and at the time of the incident, or that it changed that location after the incident to one further away from where Jones had parked. For these reasons, we hold that the trial court did not abuse its discretion in excluding the dated Google Earth photos.

---

[1] For the first time on appeal, Jones does provide some links to websites that explain in general terms the source of the images used in Google Earth. But these sites do not address how the images are dated. Moreover, Jones did not ask the trial court to take judicial notice of the information on these sites to authenticate the Google Earth photos, and therefore they provide no basis for us to conclude that the trial court abused its discretion in sustaining Mattress Firm's objection to lack of authentication.

**IV.   Any error in excluding the photos was harmless.[2]**

Alternatively, even if the trial court erred in excluding the dated Google Earth photos, we conclude reversal is not required.  Erroneous exclusion of evidence requires reversal only if the error probably resulted in rendition of an improper judgment. *See State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009).  A successful challenge typically requires the complaining party to show the judgment turns on the particular evidence excluded. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000).  A reviewing court will not reverse a judgment because a trial court erroneously excluded evidence when the excluded evidence is cumulative or not controlling on a material issue dispositive to the case. *See Able*, 35 S.W.3d at 618; *Farmers Tex. Cnty. Mut. Ins. Co. v. Pagan*, 453 S.W.3d 454, 462 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  To determine whether excluded evidence probably resulted in the rendition of an improper judgment, an appellate court reviews the entire record. *Able*, 35 S.W.3d at 617.

At trial, Jones used witness and deposition testimony as well as demonstratives of the admitted photos to prove the location of the tube man on the day of the incident.  The first witness called at trial was the store manager, Reyes, who testified regarding two potential locations of the tube man with the aid of the demonstrative photos.  Reyes did not dispute the official Mattress Firm incident report, which stated the "customer walked out the door to avoid our wind dancer and fell down the steps."  Jones also testified about the tube man's proximity to the parking space she used and its interference with her in entering and exiting the store.

Jones's daughter, Mussette Walker, also testified about the location of the tube man following the incident.  Walker stated the tube man was placed close to the

---

[2] Chief Justice Frost does not join Part IV of this opinion.

9

parking lot to the right of the store, which would place it in or near the ingress and egress point for the parking space Jones used. Walker stated she observed the tube man the same day of the incident.

Part of the deposition of Sanchez, Mattress Firm's district manager, was also read to the jury. Sanchez testified that the tube man generally was placed in such a fashion as to optimize visibility, with safety being the secondary concern for placement.

Many dated photographs of the tube man in various locations were also admitted. Although taken from a different angle than the Google Earth photos, some of the admitted photos taken around the time of the incident also show the tube man located nearer to the space where Jones parked, while photos taken later show the tube man located further away from that space.[3] Because these admitted photos provide evidence that Mattress Firm changed the location of the tube man after the incident, which is what Jones contends the Google Earth photos were offered to show, the Google Earth photos are cumulative and their exclusion was not harmful. *Bartosh*, 178 S.W.3d at 443 (citing *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004)).

Having considered all of this evidence, the jury decided neither party was negligent. After reviewing the entire record regarding the placement of the tube man, we cannot say that the jury's decision would turn on the admission of three additional photos. Because the exclusion of the Google Earth photos probably did

---

[3] For example, plaintiff's exhibit 16 shows the tube man located nearer to Jones's parking space on April 3, 2014 (the day after the incident)—approximately the same location shown in the Google Earth photos dated October 27, 2012 and October 31, 2013. On the other hand, plaintiff's exhibit 17 and defendants' exhibits 1 through 9 show the tube man located further away from Jones's parking spot after the incident—approximately the same location shown in the Google Earth photo dated April 8, 2014.

not result in an improper judgment, Jones is not entitled to reversal of the judgment and a new trial.

## CONCLUSION

The trial court's exclusion of the dated Google Earth photographs was not an abuse of discretion, and in any event an erroneous ruling would be harmless. We overrule Jones's issues and affirm the trial court's judgment.


/s/    J. Brett Busby
        Justice


Panel consists of Chief Justice Frost and Justices Busby and Wise (Chief Justice Frost joins only Parts I, II, and III of this opinion).