**Affirmed and Majority and Dissenting Opinions filed June 27, 2019.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-17-00672-CV

## IN THE MATTER OF THE MARRIAGE OF JOSE EUGENIO RANGEL AND CATALINA TOVIAS-RANGEL

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-68294**

## D I S S E N T I N G   O P I N I O N

Catalina Tovias-Rangel sought a disproportionate division of property based on her payment of community expenses for thirty months after Jose Eugenio Rangel left the marital residence. She challenges the trial court's exclusion of evidence of those payments. The majority concludes that Catalina failed to preserve error as to this complaint and that even if she had done so, the record does not show that the trial court's exclusion of the evidence was harmful. I would conclude that Catalina preserved error because based on the record of the trial, we

can determine that the exclusion of the evidence was erroneous and harmful.[1] Therefore, I respectfully dissent.

## I.     The issue is preserved.

During trial, Catalina informed the trial court that she made the following payments to support the community for thirty months after Jose moved out: house payments, insurance payments, taxes, and funeral expenses for the couple's child who passed away. Catalina's counsel also informed the trial court that the evidence of these payments was relevant to Catalina's disproportionate division claim.

An offer of proof need not be formal. *Jones v. Mattress Firm Holding Corp.*, 558 S.W.3d 732, 736 (Tex. App.—Houston [14th Dist.] 2018, no pet.). It needs only to enable a reviewing court to determine whether the exclusion of the evidence was erroneous and harmful and to enable the trial court to reconsider its ruling in light of the actual evidence. *Id*. Thus, a "short, factual recitation of" the evidence will suffice. *Id*. The relevance of the evidence can be apparent from the context. *Id*.

Here, counsel informed the trial court, albeit inartfully, that Catalina made many payments to support the community estate for thirty months. In the context of this record, it was not necessary, as the majority contends, for Catalina to outline specific amounts in her offer of proof because we can see that Jose purportedly contributed less than an equal share to the community when he left the family's

---

[1] Catalina also contends the trial court should have awarded a disproportionate division based on Jose's purported infidelity. I agree with the majority that Catalina did not offer evidence that she witnessed a "public display of intimacy" between Jose and another woman. I also agree with the majority that Catalina did not preserve error as to her argument that she used separate property for the down payment to purchase the marital residence. Whether she used separate property for this or any other payments is relevant only to her reimbursement claim. *See Penick v. Penick*, 783 S.W.2d 194, 196 (Tex. 1988) ("[T]he payment by one marital estate of the debt of another creates a prima facie right of reimbursement.").

house, tax, and insurance payments to Catalina for two and a half years.[2] *See Lewis v. Lewis*, 853 S.W.2d 850, 852–3 (Tex. App.—Houston [14th Dist.] 1993, no writ) (holding it was not necessary for party to make "an offer of proof of specific dollar amounts" when reviewing court did not "need to see them to decide whether that category of evidence was relevant" to party's claims).

## II. The evidence was admissible.

The evidence was admissible to support a claim for disproportionate division of property because it tends to show that Jose contributed less than an equal share to the community. *See In re Williams*, No. 06-18-0041-CV, 2018 WL 6424245, at *5 (Tex. App.—Texarkana Dec. 7, 2018, pet. denied) (mem. op.) ("Courts may also consider whether one spouse contributed less than an equal share to the family's finances or the development of the community estate."); *Zorilla v. Wahid*, 83 S.W.3d 247, 252 (Tex. App.—Corpus Christi 2002, no pet.) (taking into consideration whether one spouse "contributed less than an equal share to the family's finances"), *disapproved of on other grounds by Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011). The majority concludes, however, that Catalina was not entitled to a disproportionate division of property because the payments apparently were made with community property. That is an incorrect statement of the law. Catalina's disproportionate division claim relates to community funds used to pay a community debt. *See Williams*, 2018 WL 6424245, at *5 ("Any doubt as to the character of property should be resolved in favor of the community estate."). If Catalina had proven that the payments were made with separate property, she would have been entitled to reimbursement. *See Penick v. Penick*, 783 S.W.2d 194,

---

[2] The majority also concludes that Catalina was required to show whether and to what extent the payments were made from her separate property. As discussed below, this information would be relevant only to Catalina's reimbursement claim, not to a disproportionate division of property.

196 (Tex. 1988); *Dyer v. Dyer*, No. 03-16-00753-CV, 2018 WL 2994439, at *5 (Tex. App.—Austin June 15, 2018, no pet.) (mem. op.) ("In general, where the community funds are used to pay a community debt, no right to reimbursement can be asserted."). I agree with the majority that Catalina did not preserve error as to her reimbursement claim. As to the disproportionate division claim, at issue is whether Jose failed to contribute an equal share to the family's finances or the development of the community estate. *See Williams*, 2018 WL 6424245, at *5; *Zorilla*, 83 S.W.3d at 252. Because the payments are relevant to this issue, they were admissible.

### III. The exclusion of evidence was harmful.

I would also conclude that the trial court's exclusion of the evidence was harmful. As an initial matter, the majority holds that to assess harm, we are required to have findings of fact from the trial court on the value of the community assets. I disagree. To assess harm in the exclusion of evidence, we are required to assess whether the excluded evidence is controlling on a material issue in the case and would not have been cumulative of other evidence in the case. *See Manon v. Solis*, 142 S.W.3d 380, 393 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000)).

The material issue in this case is whether Catalina was entitled to a disproportionate division of property based on the payments mentioned above. But the majority conflates the issue of whether the trial court abused its discretion in excluding evidence supporting a disproportionate division with whether the trial court made a just and right division of property. I would hold that the trial court abused its discretion in excluding the evidence and such error was harmful because the excluded evidence is controlling as to whether the trial court should have

4

awarded a disproportionate division.[3] Because we have a complete reporter's record, we are able to review whether the trial court's exclusion of evidence resulted in harm. *See Slater v. Slater*, No. 14-13-00693-CV, 2014 WL 6677603, at *3 (Tex. App.—Houston [14th Dist.] Nov. 25, 2014, no pet.) (mem. op.) (holding trial court's failure to file findings of fact and conclusions of law was not harmful when the record affirmatively showed party could present her case on appeal); *In re J.I.T.P.*, 99 S.W.3d 841, 848–49 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("Because there is a complete reporter's record, [appellant] was able to fully brief, and we were able to fully review, whether the judgment is supported by legally and factually sufficient evidence.").

The trial court excluded the only evidence offered at trial that would support a disproportionate division of property in Catalina's favor. Had the trial court admitted this evidence, it would have been required to consider it in its division of property. This exclusion likely resulted in the rendition of an improper judgment because the purpose of Catalina's payments for thirty months was to maintain the only community asset at issue. If Catalina made these payments to support the community, by contrast and logic, Jose failed to make the payments. This evidence was necessary to support Catalina's claim for a disproportionate division on the basis that Jose failed to contribute an equal share to the community during the relevant timeframe. *See Rawls v. Rawls*, No. 01-13-00568-CV, 2015 WL 5076283, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, no pet.) (mem. op.) (holding trial court's exclusion of evidence in support of petition for enforcement of divorce decree probably resulted in rendition of improper judgment because excluded

---

[3] I also disagree with the majority's assertion that "Catalina cites no authority to support her suggestion of harm." Catalina correctly articulates the standard for harm: "Rulings on the admissibility of evidence will constitute reversible error when the record shows that the evidence was controlling on a material issue dispositive of the case." *See Manon*, 142 S.W.3d at 393.

evidence could have resulted in award to spouse of withheld funds) (citing *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) (recognizing when judgment turns on excluded evidence, exclusion of evidence is harmful)). As a result of the trial court's failure to consider the payments made by Catalina, the trial court ordered the home sold and awarded the net sales proceeds to be divided equally between Catalina and Jose. The exclusion of the evidence of Catalina's payments precluded the trial court from making a disproportionate division of property, because, without it, there was no basis in the record for such a division. On these facts, I would hold that the trial court's error probably resulted in the rendition of an improper judgment.

For these reasons, I respectfully dissent. I would reverse the judgment of the trial court and remand to the trial court for a new trial.


/s/     Frances Bourliot
Justice


Panel consists of Justices Wise, Jewell, and Bourliot (Bourliot, J., dissenting).